12545

STATE v. MOUZON

(145 S. E., 799)

*Messrs. Epps & Levy,* for appellant,

*Solicitor Frank A. McLeod,* for respondent.

December 12, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant appellant, T. M. Mouzon, was indicted on four counts charging breach of trust with regard to the funds of the Bank of Manning, located at Manning, S. C. The case came on for trial before his Honor, Judge M. M. Mann, and a jury, at the spring term, 1927, of the Court of General Sessions for Clarendon County, resulting in a conviction of the defendant on the fourth count in the indictment. Whereupon the defendant was duly sentenced by the Court to hard labor for a term of years; the number of years not being stated in the transcript record. Thereafter a motion for a new trial was made, which motion was overruled by the trial Judge. From the sentence imposed and from the order overruling the motion for a new trial, the defendant has appealed to this Court pursuant to notice duly given.

The first count in the indictment charged the defendant with breach of trust of moneys, etc., of the bank in question in the sum of $52,000. On motion of the defendant, the trial Judge quashed this count. the grounds for which do not appear in the record. The second count charged the defendant with breach of trust with regard to a cashier's check of the value of $10,080, upon which count a verdict of not guilty was returned. The third count charged the defendant with breach of trust pertaining to three drafts aggregating $1,589.18, upon which a verdict of not guilty was also returned. The fourth count upon which the defendant was convicted was as follows:

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said T. M. Mouzon, on the 21st day of October, in the year of our Lord one thousand nine hundred and twenty-six and divers days before, with force and arms at Manning, in the County of Clarendon and State aforesaid, did willfully and unlawfully commit a Breach of Trust with a fraudulent intention, that is to say, he, the said T. M. Mouzon, then and there being intrusted by the Bank of Manning, a banking corporation, with the care, keeping

and custody of its cash, money, currency, funds, collaterals, checks and credits of the value of Twenty-six Hundred and Sixty-six and 45/100 Dollars of the property of the said Bank of Manning, a banking corporation, then and there did willfully and unlawfully and feloniously take and appropriate the said cash, money, currency, funds, checks, credits and collaterals to his own use and purposes, with the intention of cheating and defrauding the said Bank of Manning, a banking corporation, of the same, in that he did then add there, with the intent aforesaid unlawfully pay, honor, or cause to be paid and honored, a certain check, draft or order of checks, drafts or orders, of one P. B. Mouzon, on the Bank of Manning aforesaid, he, the said P. B. Mouzon having no funds there sufficient to pay the same, to the great damage of it, the said Bank of Manning, a banking corporation, against the form of the statute in such case made and provided, and against the peace and dignity of the State." In his appeal to the Court, appellant presents fifteen exceptions, which will be incorporated in the report of the case.

The first exception imputes error to his Honor, the presiding Judge, in refusing to admit in evidence checks which represented an overdraft by a third party, in the sum of about $700, it being contended by appellant that, since he was charged with permitting an overdraft by P. B. Mouzon with a fraudulent intent, it was therefore competent to introduce evidence tending to show the custom of permitting overdrafts at the bank in question, and contends that he was prejudiced by the Judge's ruling as to the same. We do not agree with this contention. His Honor permitted the defendant to introduce evidence tending to show that many parties had been permitted to overdraw their accounts, and that an overdraft for one person, in the sum of $715, had been carried since 1925, and was conceded to be worthless. The fact that overdrafts had been commonly allowed could not be said to be in dispute, but apparently admitted.

Therefore the introduction in evidence of the paid checks as to the $715 item could have been of no help to the defendant, and if admitted would have been cumulative even if competent, and in no sense, according to our view, can it be successfully contended that his Honor's ruling in refusing the introduction of the checks was prejudicial to the rights of the defendant.

Exceptions 2, 5, and 7 raise the question as to whether or not there was sufficient evidence to go to the jury on the question of breach of trust with fraudulent intent with reference to the overdrafts alluded to in the fourth count. A careful examination of the testimony convinces us that this question must be answered against the appellant's contention. Under our view, there was ample testimony to warrant the presiding Judge in refusing the motion for direction of a verdict and in submitting this issue to the jury.

■ Under the third exception, error is imputed to his Honor, the presiding Judge, in refusing to direct a verdict for the defendant on the ground that the fourth count in the indictment, the count on which the defendant was convicted, did not charge a fraudulent intention. An examination of the indictment convinces us that the same was sufficient.

■ Under exception 4, it is contended by appellant that his Honor erred in refusing to direct a verdict for the defendant upon the ground that "as to the fourth count, even if the defendant allowed the said P. B. Mouzon to overdraw his account, this does not constitute the offense of breach of trust," it being contended that the sentence should be reversed, in view of the fact that his Honor charged the jury as follows: "The fourth count in the indictment charges the defendant with breach of trust with fraudulent intention in letting one P. B. Mouzon overdraw his account ——— dollars. I charge you that there is no law in this State against allowing a person to overdraw his account."

In presenting this question, the appellant seems to lose sight of the fact that it is the contention of the State that the payment of the drafts, checks, etc., of P. B. Mouzon, when P. B. Mouzon had no funds in the bank, was a method devised and used by the appellant to procure funds from the bank for his own use, and that the funds thus procured were devoted and appropriated to his (appellant's) own use and purposes, with the intention of cheating and defrauding the said bank, and this contention accords with the offense charged in the indictment. We, therefore, do not think the position of appellant tenable.

Under Exceptions 9, 10, 11, 12, 13, and 14, error is imputed to his Honor, the presiding Judge, with reference to his charge to the jury, and in appellant's brief emphasis is placed upon the error charged under the tenth exception, which exception is as follows:

"His Honor erred, it is respectfully submitted, in charging the jury as follows: "The law says that a person is always presumed to understand the natural necessary and even probable consequences of the act which he does. Thus the law presumes the intent upon the doing of the unlawful act; though this presumption is rebuttable it may be overcome. Therefore, you see, Mr. Foreman and Gentlemen of the Jury, what is meant by proof of intent, and the recourse that the law gives you in seeking to establish it, either finds it present or finds it absent.' The errors being: (a) That in a charge of breach of trust with fraudulent intent the law does not always presume that a person understands the natural necessity and even probable consequence of the act which he does. This is a question for the determination of the jury. (b) In a charge of this nature where fraudulent intent is a necessary element of the offense, the law does not presume the fraudulent intent upon the doing of the act. The act itself does not become unlawful until it is accompanied by a fraudulent intent."

As contended by appellant, fraudulent intent is a necessary element in the crime charged, and cannot be presumed, but is an issue for the determination of the jury from all of the testimony in the case. However, while we think his Honor was in error in the use of the language attributed to him, quoted under this exception, when the charge is considered as a whole, especially in connection with the requests of the defendant which his Honor charged, we do not think the jury was misled or the defendant prejudiced. The defendant's requests on this point which his Honor charged at the conclusion of his general charge were as follows:

" 'In this case the defendant is not charged with larceny or what is commonly called stealing, but he is charged with a breach of trust with fraudulent intent. Before you can lawfully convict a person of this offense, the State must prove, not only that the defendant collected or had in his possession money belonging to the bank and failed to turn it over or account for it, but, in addition to this, the State must prove beyond a reasonable doubt that the defendant appropriated such money to his own use with a fraudulent purpose to destroy the right of the true owner.' I charge you that. I think I have explained fully the difference between the old common law charge of larceny and this. What I have tried to convey to you is that this does not contain the element of taking into possession unlawfully."

" 'In other words, Gentlemen, the State must prove beyond a reasonable doubt that a fraudulent purpose existed in the mind of the defendant at the time he · appropriated any money of the bank, if the State has proved that he appropriated any at all.' I charge you that."

" 'Failure of a person to pay over or account for money entrusted to him, is not in itself sufficient to constitute the offense of breach of trust, and if you should find that the State has proved all of this in the present case, but has failed to prove beyond a reasonable doubt that the defend-

ant had the fraudulent purpose to destroy the right of the true owner, then it is your duty under your oaths to acquit him.' I charge you that."

" 'Even if you should find that the State has proved beyond a reasonable doubt that money of the bank as charged has been appropriated, and further that the defendant is the one who appropriated it; still, if you have a reasonable doubt as to the purpose of the defendant whether it was fraudulent or not, then, Gentlemen, it is your sworn duty to acquit him.' I charge you that; I charge you that again."

The fifth, as modified, reads as follows:

" 'The defendant is not charged in this case with losing the money of the bank by allowing overdrafts or by suffering losses by careless banking methods, nor by failing to account for and turn over funds entrusted to his care. Even if he should be proved to have done all these things, that would be no proof that he is guilty of breach of trust with fraudulent intent, unless such acts were supported by other proof of facts sufficient to prove fraudulent intent.' That, as modified, I charge you."

" 'The fourth count in the indictment charges the defendant with breach of trust with fraudulent intent in letting one P. B. Mouzon overdraw his account in blank dollars.' That makes no difference. 'I charge you that there is no law in this State against allowing a person to overdraw his account.' I charge you that."

Having charged these requests of the defendant at the close of his general charge, it cannot be successfully contended that the jury was not fully enlightened as to their duty. Furthermore, after charging these requests, his Honor asked counsel for defendant if there was anything else. Whereupon counsel for defendant replied that there was not, and the record was then handed to the jury. We think that the exceptions should be overruled.

The other exceptions to the charge, in our opinion, are not well taken, and should also be overruled.

Exceptions 7, 8, and 9, which charge that his Honor committed error in refusing a new trial, in our opinion cannot be sustained, for the reason that the record amply supports the verdict.

In the fifteenth exception, it is alleged that his Honor, the trial Judge, erred in refusing to order a new trial "when it was made to appear that the Foreman of the jury was a half brother to the man who swore out the indictment." This motion for a new trial was made after sentence was imposed. The facts upon which the motion was heard are stated in the order issued by his Honor refusing the motion, and, for the reason assigned by his Honor in said order, which will be reported with the case, it is our opinion that the motion was properly refused.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.

MR. CHIEF JUSTICE WATTS did not participate.